Allison C. Eckstrom, California Bar No. 217255
Christopher J. Archibald, California Bar No. 253075
Traci G. Choi, California Bar No. 307245
**BRYAN CAVE LEIGHTON PAISNER LLP**
3161 Michelson Drive, Suite 1500
Irvine, California 92612-4414
Telephone:   (949) 223-7000
Facsimile:   (949) 223-7100
E-Mail:   allison.eckstrom@bclplaw.com
          christopher.archibald@bclplaw.com
          traci.choi@bclplaw.com

Attorneys for Defendant
WALGREEN CO.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| KENNETH PRESIDENT, on behalf of himself, all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> WALGREEN CO., an Illinois corporation; and DOES 1 through 50, inclusive, <br><br> Defendants. | Case No. <br><br> (Santa Clara County Superior Court Case No. 20CV368867) <br><br> **DEFENDANT WALGREEN CO.'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1331, 1441, 1446** <br><br> **[FEDERAL QUESTION JURISDICTION]** |

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Walgreen Co. ("Defendant") hereby removes the above-entitled action from the Superior Court of the State of California for the County of Santa Clara to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1331, 1441, and 1446 on the grounds that the matter in controversy is a civil action arising under the laws of the United States.

## PROCEDURAL BACKGROUND

1. On August 3, 2020, Plaintiff commenced a class-action lawsuit against Defendant in the Superior Court of the State of California for the County of Santa Clara, entitled "*Kenneth President, on behalf of himself, all others similarly situated, Plaintiff, vs. Walgreen Co., an Illinois corporation; and Does 1 through 50, inclusive, Defendants*," Case No. 20CV368867.

2. On August 18, 2020, Plaintiff served Defendant's agent for service of process, Corporation Service Company, with the following documents: (a) Summons; (b) Class Action Complaint; (c) Civil Case Cover Sheet; and (d) Civil Lawsuit Notice. A true and correct copy of the Summons is attached hereto as "**Exhibit 1**." A true and correct copy of the Class Action Complaint is attached hereto as "**Exhibit 2**." A true and correct copy of the Civil Cover Sheet is attached hereto as "**Exhibit 3**." A true and correct copy of the Civil Lawsuit Notice is attached hereto as "**Exhibit 4**."

3. Exhibits 1 through 4 to this Notice of Removal constitute all pleadings, process, and orders served in this action at the time of removal.

4. Plaintiff alleges a single cause of action against Defendant for Violation of 15 U.S.C. §§ 1681b(b)(2)(A) (Fair Credit Reporting Act).

## REMOVAL IS TIMELY

5. 28 U.S.C. § 1446(b)(1) provides that, "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."

6. Plaintiff served Defendant with the complaint on August 18, 2020, which is less than 30 days before the filing of this notice of removal. Therefore, removal is timely.

7. The Complaint also names as defendants "DOES 1-50." Defendant is informed and believes and on that basis alleges that none of the fictitiously-named defendants have been served with a copy of the Summons and Complaint. Therefore, the fictitiously-named defendants are not parties to the above-captioned action and need not consent to removal. *See* 28 U.S.C. § 1441(b)(1); *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) ("Does" defendants need not be joined in a removal petition).

## PLAINTIFF'S COMPLAINT IS SUBJECT TO REMOVAL BASED ON FEDERAL QUESTION GROUNDS

8. Pursuant to 28 U.S.C. § 1441, any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a).

9. This is a civil action of which this Court has original federal question jurisdiction under 28 U.S.C. § 1331. The action is properly removable pursuant to the provisions of 28 U.S.C. Sections 1441(a) because it is a civil action arising under 15 U.S.C. §§ 1681b(b)(2)(A), which is a law of the United States.

## THE PROCEDURAL REQUIREMENTS OF 28 U.S.C. § 1446 ARE SATISFIED

10. Parties: Defendant brings this Notice of Removal on its own behalf.

11. Pleadings: Defendant has not filed a response to the Complaint.

12. <u>Proper Court</u>: In accordance with 28 U.S.C. § 1446(a), this Notice of Removal is filed in the District in which the action is pending. The Santa Clara County Superior Court is located within the Northern District of California. Therefore, venue is proper in this court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

13. <u>Attachments</u>: In accordance with 28 U.S.C. §1446(a), copies of all process, pleadings, and orders served upon Defendant are attached as Exhibits to this Notice.

14. <u>Signature</u>: This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. See 28 U.S.C. § 1446(a).

15. <u>Notice</u>: In accordance with 28 U.S.C. §1446(d), a copy of this Notice is being served upon counsel for Plaintiff, and a notice will be filed with the Clerk of the Superior Court of California for the County of Santa Clara. Notice of Compliance shall be filed promptly afterwards with this court.

16. <u>Jury Demand</u>: Plaintiff demands a jury trial in the Complaint.

17. <u>Certificate of Interested Parties</u>: As required by Federal Rule of Civil Procedure

18. Defendant concurrently filed its Certificate of Interested Parties.

## CONCLUSION

For the foregoing reasons, Defendant hereby removes the above-entitled action to United States District Court for the Northern District of California.

Dated: September 15, 2020

Allison C. Eckstrom
Christopher J. Archibald
Traci G. Choi
**BRYAN CAVE LEIGHTON PAISNER LLP**

By:   */s/ Christopher J. Archibald*
         Christopher J. Archibald
Attorneys for Defendant
WALGREEN CO.